# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN, CDCR # AA-5994, Plaintiff, vs. WILLIAM GORE; SCHROEDER; RUBY BLANK; ESPINOZA; BORDEN; GARY DOE; BROWN AND JOHN DOES, Defendants. | Civil No. 10cv2036 JAH (WVG) **ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I. Procedural History

On September 27, 2010, Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On November 5, 2010, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and as frivolous. *See* Nov. 5, 2010 Order at 5. Plaintiff was granted leave to file an Amended Complaint. *Id.* at 4-5. However, because the time had passed for Plaintiff to file his First Amended Complaint, the Court dismissed the action in its entirety for all the reasons set

forth in the November 5, 2010 Order and for failing to comply with a Court Order. *See* Jan. 18, 2011 Order at 1-2. However, Plaintiff then sought leave to file his First Amended Complaint which the Court permitted in light of Plaintiff's pro se status. Thus, the Court will set aside the Clerk's Judgment entered on January 18, 2011 and conduct a sua sponte screening of Plaintiff's First Amended Complaint.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its November 5, 2010 Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Here, the Court finds that the allegations contained in Plaintiff's First Amended Complaint are duplicative of the claims that he has filed in previous actions. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). The Court finds that Plaintiff has brought the same claims in this action in *Tran v. Gore, et al.* S.D. Cal. Civil Case No. 10cv0464 DMS (POR) and *Tran v. Gore, et al.*, S.D. Cal. Civil Case No. 10cv1751 JAH (WVG).

Because Plaintiff is already litigating the same claims presented in the instant action in the above referenced actions, the Court dismisses all claims found in this action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## III CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:.

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

**IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: February 15, 2011

**HON. JOHN A. HOUSTON**
United States District Judge